**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Newegg, Inc. v. Testa,* **Slip Opinion No. 2016-Ohio-7762.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7762

NEWEGG, INC., APPELLANT AND CROSS-APPELLEE, *v.* TESTA, TAX COMMR., APPELLEE AND CROSS-APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Newegg, Inc. v. Testa,* Slip Opinion No. 2016-Ohio-7762.]**

*Commercial-activity tax—Commerce Clause—Physical presence of an interstate business within Ohio is not a necessary condition for imposing the obligations of the commercial-activity tax.*

(No. 2015-0483—Submitted May 3, 2016—Decided November 17, 2016.)

APPEAL and CROSS-APPEAL from the Board of Tax Appeals, No. 2012-0234.

————————————

O'NEILL, J.

{¶ 1} We decide this case as a companion case to *Crutchfield Corp. v. Testa*, __ Ohio St.3d __, 2016-Ohio-7760, __ N.E.3d __, with which this case was consolidated for purposes of oral argument. According to the tax commissioner's final determination, appellant and cross-appellee, Newegg, Inc., is "the second largest on-line only retailer in the United States selling information technology and

computer electronics products." Orders are filled from processing centers in California and New Jersey. Newegg appeals from the imposition of Ohio's commercial-activity tax ("CAT") on revenue it has earned from sales of computer-related products that it ships into the state of Ohio. Like Crutchfield, Newegg contests its CAT assessments based on Newegg's being operated outside Ohio, employing no personnel in Ohio, and maintaining no facilities in Ohio.

{¶ 2} The six assessments at issue here cover the period from July 1, 2005, through a first-quarter 2011 estimate. In determining that our holding in *Crutchfield* requires us to affirm the assessments at issue here, we rely on the stipulation that "Newegg does not contest the amounts of actual and estimated Ohio gross receipts" on which the assessments are based. For tax years 2005 through 2009, Newegg stipulated to receipts of $272,289,269, which formed the basis for CAT assessments totaling $447,580 for that period. The receipts for 2010 through March 2011 were estimated at nearly $20 million per quarter, and Newegg stipulated to those amounts also. Consequently, Newegg satisfied the $500,000 sales-receipts threshold, triggering its CAT liability during that period. *See* R.C. 5751.01(H)(3) and (I)(3). Newegg, however, asserts that Ohio's CAT violates the Commerce Clause of the United States Constitution and that therefore Ohio had no authority to tax any of those receipts.

{¶ 3} Just as in *Crutchfield*, we first confront a cross-appeal by the tax commissioner concerning whether Newegg properly raised and preserved its constitutional challenge. The circumstances of the present case being no different from those in *Crutchfield*, we resolve the cross-appeal against the tax commissioner's position on the authority of *Crutchfield*. Similarly, we rely on *Crutchfield* to reject Newegg's contentions that the CAT statutes should be construed to preclude the assessments at issue in this appeal.

{¶ 4} In *Crutchfield*, we held that under the Commerce Clause, the physical presence of an interstate business within Ohio is not a necessary condition for

2

imposing the obligations of the CAT law, given that the $500,000 sales-receipts threshold adequately assures that the taxpayer's nexus with Ohio is substantial pursuant to R.C. 5751.01(H)(3) and (I)(3). *Crutchfield Corp.*, __ Ohio St.3d __, 2016-Ohio-7760, __ N.E.3d __, ¶ 3, 5. Applying that holding here resolves Newegg's constitutional challenge under the Commerce Clause. It also makes unnecessary consideration of whether Newegg's Internet contacts with its Ohio customers constituted a physical presence for Commerce Clause purposes.

{¶ 5} For the foregoing reasons, we affirm the decision of the BTA and uphold the CAT assessments against Newegg.

Decision affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, and FRENCH, JJ., concur.

LANZINGER and KENNEDY, JJ., dissent and would reverse the decision of the Board of Tax Appeals for the reasons stated in the dissenting opinion in 2015-0386, *Crutchfield v. Testa*.

_____

Brann & Isaacson, Martin I. Eisenstein, David W. Bertoni, and Matthew P. Schaefer; and Baker Hostetler and Edward J. Bernert, for appellant and cross-appellee.

Michael DeWine, Attorney General, and Daniel W. Fausey and Christine Mesirow, Assistant Attorneys General, for appellee and cross-appellant.

Macey, Wilenski & Hennings, L.L.C., and Peter G. Stathopoulos; and Robert Alt, urging reversal for amici curiae Buckeye Institute for Public Policy Solutions, Mackinac Center for Public Policy, NetChoice, and American Catalog Mailers Association, Inc.

Fredrick Nicely and Nikki Dobay, urging reversal for amicus curiae Council on State Taxation.

Goldstein & Russell, P.C., Eric F. Citron, and Thomas C. Goldstein, urging affirmance for amici curiae National Governors Association, National Conference

of State Legislatures, Council of State Governments, National Association of Counties, National League of Cities, U.S. Conference of Mayors, International City/County Management Association, International Municipal Lawyers Association, and Government Finance Officers Association.

Bricker & Eckler, L.L.P., Mark A. Engel, and Anne Marie Sferra, urging affirmance for amici curiae Ohio Manufacturers' Association, Ohio State Medical Association, Ohio Dental Association, and Ohio Chemistry Technology Council.

Bruce Fort, urging affirmance for amicus curiae Multistate Tax Commission.

_____